UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILDFIRE CREDIT UNION,

        Plaintiff,

                                Case No. 25-13537
                                U.S. DISTRICT COURT JUDGE
                                GERSHWIN A. DRAIN

v.

DAVID STOCKMAN, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER GRANTING WILDFIRE CREDIT UNION'S
MOTION TO REMAND [#6] AND DENYING AS MOOT DAVID
STOCKMAN'S MOTION TO REASSIGN CASE TO BANKRUPTCY
JUDGE DANIEL S. OPPERMAN [#5]**

I.     **INTRODUCTION**

Presently before the Court is Wildfire Credit Union's motion to remand this case to the Saginaw County Circuit Court. Upon review of the motion, the Court finds that oral argument will not aid in the disposition of the matter, and thus it will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Wildfire Credit Union's motion to remand [#6] is GRANTED, and Stockman's motion to reassign this case to Bankruptcy Judge Daniel S. Opperman [#5] is

DENIED AS MOOT.

## II.   <u>BACKGROUND</u>

In April 2024, Wildfire Credit Union brought suit against Stockman, Magdalena Perez, and Great Lakes Bay Staffing, Inc. ("GLBS") in Saginaw County Circuit Court alleging four state law causes of action: breach of contract, unjust enrichment, fraud, and civil conspiracy to commit fraud. Stockman, Perez, and GLBS were personally served with the complaint in May 2024. The state court entered a default judgment against the defendants on August 1, 2024. Stockman filed various motions to set aside the default judgment, the latest of which was filed on September 23, 2025. The state court denied all of the motions.

Meanwhile, on August 26, 2024, Perez, one of Stockman's co-defendants, filed a Chapter 7 voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan ("the Bankruptcy Court"). The Bankruptcy Court issued an Order of Discharge on December 3, 2024, granting Perez a general discharge of her debts.

On January 24, 2025, Wildfire Credit Union initiated an adversary proceeding action against Perez in the Bankruptcy Court. Wildfire Credit Union challenged the dischargeability of her debt to it under 11 U.S.C. § 523(a), arguing that she incurred the debt pursuant to a fraudulent scheme. Perez then filed a third-party complaint against Stockman and his spouse, Jennifer Stockman, in the Bankruptcy Court on

June 12, 2025, "for indemnification, contribution, and unjust enrichment for any damages/money owed to Wildfire Credit Union as a result of Wildfire Credit Union's adversary complaint to determine dischargeability[.]" ECF No. 6, PageID.160. Stockman has filed several motions to dismiss this third-party complaint, each of which has been denied by the Bankruptcy Court.

On July 23, 2025, Stockman filed an adversary complaint in the Bankruptcy Court against, among others, Wildfire Credit Union, seeking "a declaration" that the "[t]he state court judgment is procedurally void" and "may not be relied upon by Wildfire under 11 U.S.C. § 523," and that "[a]ny claims premised on that judgment are unenforceable in this proceeding." *In re Perez*, No. 24-21078 (Bankr. E.D. Mich.) (Dkt. 31). The Bankruptcy Court dismissed Stockman's adversary complaint on February 23, 2026.

While Stockman's adversary proceeding was pending in the Bankruptcy Court, he removed the underlying state court case to this Court on November 3, 2025. He asserts that the Court has federal question subject matter jurisdiction over the state court action because the contract giving rise to the state court action contains a binding arbitration clause that is enforceable under the Federal Arbitration Act. Moreover, Stockman claims removal is appropriate under 28 U.S.C. § 1334(b) and Federal Rule of Bankruptcy Procedure 9027 because "this action is related to the pending bankruptcy of co-defendant Magdalena Perez." ECF No. 1, PageID.2.

3

Wildfire Credit Union has moved to remand the action back to state court. Stockman did not respond to the motion.

### III.   <u>LAW AND ANALYSIS</u>

The Court finds that Stockman's removal of this state court action to federal court was improper for several independent reasons. First, it was untimely. Title 28 U.S.C. § 1446(b), which sets forth the general removal procedure for civil actions, provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

Here, Stockman was served with Wildfire Credit Union's complaint in May 2024, but did not file his notice of removal until November 3, 2025, nearly eighteen months later. Thus, his notice was filed well outside of the 30-day removal period. Moreover, there is no amended pleading, motion, or other paper that newly rendered the action removable and triggered a new 30-day removal period. As such, his removal was untimely under § 1446(b).

Nor is Stockman's removal timely under 28 U.S.C. § 1452, which governs removal of claims related to bankruptcy cases. Removal under this statute is governed by Federal Rule of Bankruptcy Procedure 9027, which provides, in relevant part, that the notice of removal must be filed within the longest of these periods: (A) "90 days after the order for relief in the bankruptcy case"; or (B) "if the claim or cause of action has been stayed under § 352, 30 days after an order terminating the stay is entered." Fed. R. Bankr. P. 9027(a)(2). Stockman's notice of removal was filed well beyond both deadlines. Accordingly, even assuming § 1452 provides a basis for removal, Stockman's removal would still be untimely.

Second, the rule of unanimity is not satisfied here. "[A] defendant seeking removal to federal court must obtain the consent of all other 'properly joined and served' defendants[.]" *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (citing 28 U.S.C. § 1446(b)(2)(A)). "This requirement, otherwise known as the 'rule of unanimity,' ensures that all defendants have a say before a case involving their interests is removed from state court." *Id.* "[T]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014) (citation omitted). Such is not the case here.

5

Third, the Court lacks federal-question subject matter jurisdiction over this action. Federal-question jurisdiction exists only where the cause of action "arises under" federal law. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citation omitted). "A claim arises under federal law, for purposes of federal-question jurisdiction, when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." *Id.* at 991. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

Here, Wildfire Credit Union's complaint asserts only state law causes of action against the defendants. Stockman contends that federal-question jurisdiction exists because the contract underlying the state court action contains an arbitration clause. But the mere presence of an arbitration clause in a contract does not transform a state law claim into one arising under federal law. Indeed, even if Wildfire Credit Union had invoked the Federal Arbitration Act in its complaint, doing so would not establish federal-question jurisdiction. The Supreme Court has long recognized that although the Act "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate," it does "not create any

6

independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise."

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

Nor does the Court have jurisdiction over the action under 28 U.S.C. § 1334(b). Under § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). Where, as here, the civil action neither arises under nor arises in a bankruptcy case, jurisdiction exists only if the proceeding is "related to" a bankruptcy case, meaning its outcome could "conceivably have any effect on the estate being administered in bankruptcy." *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013). Such is not the case here. The state court action has already been reduced to a final judgment, and as such, there is no pending dispute, the outcome of which could alter the status of any claim in bankruptcy.

For these reasons, the Court finds that Stockman improperly removed the state court action to federal court.[1]

---

[1] The Court also notes that Stockman failed to pay the filing fee in this case, and was warned that failure to do so may result in dismissal of this action. Federal Rule of Civil Procedure 41(b) permits courts to dismiss an action *sua sponte* if the plaintiff fails to prosecute or to comply with these rules or a court order. *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Because Stockman failed to comply with the Court's order requiring him to pay the filing fee, remand on that basis is also appropriate.

Wildfire Credit Union seeks attorney's fees for Stockman's improper removal. Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has recognized, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). Accordingly, "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on" the other parties to the lawsuit. *Id.* "In general, objectively unreasonable removals should result in fee awards[.]" *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008). "District courts should consider, however, whether 'unusual circumstances warrant a departure from [that default] rule in a given case.' " *Id.* (quoting *Martin*, 546 U.S. at 141).

Here, the Court finds that Stockman lacked an objectively reasonable basis to remove the state court action to federal court. The Court further finds that there are no unusual circumstances warranting a departure from the general rule of awarding attorney's fees and costs in such circumstances. Accordingly, an award of costs and attorney's fees pursuant to § 1447(c) is warranted. Wildfire Credit Union shall file a Petition for Attorney's Fees and Costs with supporting documentation by June 30,

8

2026. Stockman may file a response no later than July 14, 2026. Wildfire Credit

Union may file a reply by July 21, 2026.

For these reasons, Wildfire Credit Union's motion to remand is granted.

## IV.   **CONCLUSION**

Based on the foregoing, Wildfire Credit Union's motion to remand [#6] is

GRANTED, and Stockman's motion to reassign the case to Bankruptcy Judge

Daniel S. Opperman [#5] is DENIED AS MOOT.

This case is REMANDED to the Saginaw County Circuit Court.

SO ORDERED.

Dated: June 17, 2026                          /s/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June
17, 2026, by electronic and/or ordinary mail.
                   /s/ Marlena Williams
                       Case Manager

9